J-S41013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :                 PENNSYLVANIA
                        :
            v.                  :
                        :
                        :
SAMUEL LEE HALL            :
                        :
         Appellant       :      No. 2757 EDA 2017

Appeal from the PCRA Order August 4, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002984-2007,
CP-15-CR-0002985-2007, CP-15-CR-0002986-2007,
CP-15-CR-0002987-2007, CP-15-CR-0002988-2007

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:              **FILED JULY 17, 2018**

Appellant, Samuel Lee Hall, appeals *pro se* from the August 4, 2017,

order entered in the Court of Common Pleas of Chester County dismissing as

untimely his fifth petition filed under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546. After a careful review, we affirm.

The relevant facts and procedural history are as follows: On August 13,

2008, after a non-jury trial on stipulated facts, the trial court convicted

Appellant of five counts of delivery or possession with intent to deliver

("PWID") (cocaine), one count of PWID (marijuana), one count of PWID

---

\* Former Justice specially assigned to the Superior Court.

(MDMA[1] and methamphetamine), one count of possession of drug paraphernalia, and four counts of criminal use of a communications facility.[2] On that same date, the trial court sentenced Appellant to an aggregate of fifteen years to thirty years in prison. Appellant filed a timely, counseled appeal to this Court, and we affirmed his judgment of sentence on July 29, 2009. Appellant did not seek review in our Supreme Court.

On September 9, 2009, Appellant filed his first, *pro se* PCRA petition, and counsel was appointed to represent him. Counsel subsequently filed a petition to withdraw, along with a **Turner/Finley**[3] "no-merit" letter. By order entered on December 11, 2009, the PCRA court dismissed Appellant's PCRA petition and permitted counsel to withdraw. Appellant did not file a notice of appeal.

Appellant filed his second, *pro se* PCRA petition on July 29, 2010, and following the PCRA court's dismissal of the petition, Appellant filed an appeal. We affirmed the dismissal of Appellant's second PCRA petition, and Appellant filed a petition for allowance of appeal, which our Supreme Court denied.

---

[1] MDMA is the acronym for 3,4-methylenedioxymethamphetamine, colloquially known as "ecstasy."

[2] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S. § 7512(a), respectively.

[3] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*.)

Appellant filed his third, *pro se* PCRA petition on May 21, 2012, and the PCRA court dismissed the petition. Appellant filed an appeal, and this Court dismissed Appellant's appeal on May 9, 2013, due to his failure to return a docketing statement as required by Pa.R.A.P. 3517.

Appellant filed his fourth, *pro se* PCRA petition on June 19, 2014, and the PCRA court dismissed the petition. Appellant filed an appeal, and this Court affirmed the dismissal of his fourth PCRA petition.

Appellant filed the instant *pro se* PCRA petition, his fifth, on or about May 31, 2017. On June 2, 2017, the PCRA court provided notice of its intent to dismiss Appellant's PCRA petition, and on July 6, 2017, Appellant filed a *pro se* response. By order entered on August 4, 2017, the PCRA court dismissed Appellant's fifth PCRA petition, and this timely, *pro se* appeal followed.

Before addressing the merits of Appellant's issues, we must initially determine whether his PCRA petition is timely. With regard to the filing of petitions under the PCRA, this Court has observed:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief.

*Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013) (citations omitted).

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A.

§ 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." *Commonwealth v.*

***Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Here, this Court affirmed Appellant's judgment of sentence on July 29, 2009, and Appellant did not file a petition for allowance of appeal with our Supreme Court. Consequently, his judgment of sentence became final on August 28, 2009, when the thirty-day period for filing a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. He had one year from that date, or until August 30, 2010, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b). Therefore, his current petition, filed on or about May 31, 2017, is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as, in his appellate brief, Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) relating to the "newly-discovered fact" exception. Specifically, Appellant contends the following:

Petition is timely because of new facts exception that was previously unknown to [] Appellant.

[Appellant] was sent legal mail by th[e] [trial] [c]ourt on January 17, 2017, inside was content of Remand/Remittal. After receiving the legal mail, Appellant asked his family to explain it to him, along with contacting the Prothonotary Office of th[e] [trial] [c]ourt, and also the Clerk of Court of Chester County to find out what the legal mail was about.

On April 5, 2017, [Appellant] was informed by [his] family that it was [a] sentence pursuant to [a] Negotiated Sentence Agreement for possession of Methamphetamine. This is new to Appellant because he did not know he had entered a Negotiated Sentence Agreement for Methamphetamine. ***Commonwealth v.***

> **Burton**, [638 Pa. 687, 158 A.3d 618 (2017)]. Within the next sixty (60) days exception rule that started on April 5, 2017, Appellant submitted his PCRA petition on May 31, 2017.

Appellant's Brief at 1-2 (citation omitted).

Our Supreme Court has held that the PCRA "makes clear that where ... the petition is untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." **Commonwealth v. Beasley**, 559 Pa. 604, 741 A.2d 1258, 1261 (1999). Furthermore, "[t]hese exceptions must be specifically pleaded or they may not be invoked." **Commonwealth v. Liebensperger**, 904 A.2d 40, 46 (Pa.Super. 2006) (citation omitted). We have also stated that generally "[a] new and different theory of relief may not be successfully advanced for the first time on appeal." **Commonwealth v. Santiago**, 980 A.2d 659, 666 n. 6 (Pa.Super. 2009) (citation omitted). **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In the case *sub judice*, in his fifth PCRA petition and response to the PCRA court's notice of intent to dismiss, Appellant failed to acknowledge the facial untimeliness of the petition or argue that any of the exceptions are applicable.[4]

---

[4] In his response to the PCRA court's notice of its intent to dismiss, Appellant averred generally:

> [Appellant] learn[ed] through family and other resources that he was sentence[d] under a negotiated sentence agreement[.]

Rather, he acknowledges for the first time in his appellate brief that his instant PCRA petition is facially untimely and he argues for the first time that he is entitled to Subsection 9545(b)(1)(ii)'s "newly-discovered fact" exception. Appellant did not plead properly or preserve the basis upon which he now relies to satisfy the newly-discovered facts timeliness exception, and therefore, we affirm the dismissal of his fifth PCRA petition.[5]

Affirmed.

_____

> Appellant's family call[ed] in to the courts asking questions and inquiring about [] Appellant's case conducting their own investigation and doing their own research. . . .Appellant and his family had to do their own investigation and research to discover that [] Appellant had been sentence[d] and convicted under a negotiated sentence agreement.

Appellant's Response, filed 7/6/17, at 2, 4 (citation omitted). Assuming, *arguendo*, this was Appellant's attempt to present the timeliness exception of Subsection 9545(b)(1)(ii), which he now presents on appeal, Appellant failed to aver in his response, as he does now, when he/his family learned of the negotiated sentence agreement. **See Walters**, **supra** (indicating an appellant must plead and prove that he raised an exception within sixty days of the date the claim first could have been presented).

[5] To the extent Appellant attempts to raise on appeal Subsection 9545(b)(1)(iii)'s "new constitutional right" exception on the basis of **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) and **Commonwealth v. Hopkins**, 632 Pa. 36, 117 A.3d 247 (2015), we note that Appellant did not plead his entitlement to this timeliness exception in the PCRA court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/18